UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
TALITA SANTOS,                                          Civil Docket No.: TBD

                    Plaintiffs,

                                              **NOTICE OF REMOVAL**

          -against-

DANIELA PERALTA & ERMC AVIATION LLC,

                    Defendant.
-----------------------------------------------------------------X

       **TO:  CLERK OF THE UNITED STATES DISTRICT COURT, EASTERN DISTRICT OF NEW YORK:**

       **PLEASE TAKE NOTICE** that Defendants, **DANIELA PERLATA & ERMC AVIATION LLC**, by their attorneys, **MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN**, remove this case from the Supreme Court of the State of New York, County of Queens to United States District Court, Eastern District of New York, and in support of said removal state, under penalty of perjury:

       1.   A civil action brought in a state court of which the District Courts of the United States have original jurisdiction may be removed by the defendants to the District Court of the United States for the district and division embracing the place where such action is pending. 28 U.S.C. §1441(a).

       2.   28 U.S.C. §1446 requires that a defendant who wants to remove a civil action to file a notice of removal together with copies of all process, pleadings, and orders served upon it.

       3.   The grounds for removal are based on the original jurisdiction of this Court under 28 U.S.C. §1332, which allows this Court to hear matters based on diversity of citizenship of the parties.

## RELEVANT PROCEDURAL HISTORY

4.    A civil action was commenced by the plaintiff, TALITA SANTOS, against **DANIELA PERLATA & ERMC AVIATION LLC**, in the Supreme Court of the State of New York, County of Queens, Index No.: 710221/2022 by filing on May 11, 2022. (See Summons and Complaint annexed hereto as **Exhibit "A"**).

5.    Defendants **DANIELA PERLATA & ERMC AVIATION LLC**, were purportedly served with the Summons and Complaint on May 20, 2022 and May 21, 2022, respectively. (See Affidavits of Service annexed hereto as **Exhibit "B"**).   Defendants e-filed/served an Answer on June 10, 2022 (See Answer annexed hereto as **Exhibit "C"**).

6.    Importantly, plaintiff's counsel advised, for the first time, on June 14, 2022, via an "other paper pre-removal correspondence e-mail" that the amount in controversy will certainly satisfy and exceed the jurisdictional threshold of $75,000.  See *Rositani v Cochran*, 20-CV-8273, 2020 WL 7384531, at *2 [SDNY Dec. 16, 2020] and *Moltner v Starbucks Coffee Co.*, 624 F3d 34, 37-38, 2010 WL 4291299 [2d Cir 2010].  (See E-mail from Plaintiff's Counsel Daniel J. Watts of Morgan & Morgan NY PLLC on June 14, 2022 at 2:42 p.m., annexed hereto as **Exhibit "D"**).

7.    Accordingly, this original Notice of Removal is made timely pursuant to statute and interpreting case law within 30 days of confirming the amount in controversy qualifies.  See *Rositani v Cochran*, 20-CV-8273, 2020 WL 7384531, at *2 [SDNY Dec. 16, 2020](holding that informal pre-removal e-mail correspondence between the parties satisfies the "other paper" requirement of 28 U.S.C. § 1446(b)(3) regarding scienter of jurisdictional amount in controversy).

## GROUNDS FOR REMOVAL

8.      The grounds for removal are based on the original jurisdiction of this Court under 28 U.S.C. §1332, which allows this Court to hear matters based on diversity of citizenship of the parties.

9.      The individual named defendant DANIELA PERALTA, is a resident/domiciled in New York, *both at the time of the commencement of the action and the time of this removal*, by virtue of both her personal address, 20615 86th Road, Apt. 1A, Queens Village, NY 11427 as see on the Summons in Exhibit A and confirmed by the in-person Affidavit of Service in Exhibit B.

10.     The named entity defendant ERMC AVIATION LLC, *both at the time of the commencement of the action and the time of this removal,* was and is a limited a limited liability company organized under Delaware law, with its principal place of business at 3399 Peachtree Rd., NE, Suite 1500, Atlanta, Georgia 30326. "An unincorporated association [LLC] shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized." 28 U.S.C. § 1332(d)(10). A limited liability company is an "unincorporated association". *See Irwin v. Jimmy John's Franchise, LLC*, 175 Supp.3d 1064, 1068 n.2 (C.D. I11 2016) ("unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized.' 28 U.S.C. § 1332(d)(10); *Young v. Integrity Healthcare Communities, LLC*, ----F. Supp.3d ---- , 2021 WL 148736, at *5 (S.D. I11. Jan. 15, 2021). Under 28 U.S.C. § 1332(d)(10). Accordingly, ERMC AVIATION, LLC is a dual citizen of both Delaware and Georgia for diversity purposes.

11.     Attached hereto as Exhibit **E** is the Delaware Secretary of State Certificate of Formation for ERMC Aviation, LLC dated and filed effective October 24, 2017 (as well as Certificate of Merger of Gateway Aviation Services, LLC into ERMC dated and filed effective October 31, 2019) depicting in the recitals that the executed Agreement is on file at the principal place of business of the surviving company ERMC at 3390 Peachtree Road, NE, Atlanta, GA 30326.

12.     Some courts have continues to analyze citizenship under the traditional rule, under which an LLC is a citizen of every state of which any member of the LLC citizen. *See e.g., Halperin v. International Web Services, LLC,* 70 F. Supp.3d 893, 904 (N.D. Ill. 2014) (*citing IP of A West 86th Street 1, LLC v. Morgan Stanley Mortg. Capital Holdings, LLC*, 686 F.3d 361, 363 (7th Cir. 2012).

13.     Under the traditional rule, ERMC AVIATION LLC is also a citizen of Delaware and Georgia for diversity purposes. The sole member of ERMC AVIATION LLC. is AirCo Aviation Services, LLC ("AirCo"). Attached hereto as Exhibit **F** is the Delaware Secretary of State Certificate of Formation for AirCo Aviation Services, LLC dated and filed effective November 13, 2018. The members of AirCo are: a) Delta Air Lines, Inc. ("Delta"); b) Scrub Holdings, Inc.; and c) Argenbright Holdings IV, LLC. All have the same dual Delaware and Georgia citizenship.

14.     Delta is a Delaware corporation with its principal place of business in Atlanta, Georgia. A corporation is "a citizen of every [s]tate . . . by which it has been incorporated and of the [s]tate . . . where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Thus, Delta is a citizen of Delaware and Georgia for purposes of diversity jurisdiction ***both at the time of the commencement of the action and the time of this removal***.

15.     Scrub Holdings, Inc. is a Delaware corporation with its principal place of business in Georgia. Scrub Holdings, Inc. is a citizen of Delaware and Georgia for diversity purposes ***both at the time of the commencement of the action and the time of this removal***.

16.     Argenbright Holdings IV, LLC is a limited liability company. The sole member of Argenbright Holdings IV, LLC is Argenbright Holdings III, LLC. The sole member of Argenbright Holdings III, LLC is Argenbright Holdings II, LLC. The sole member of Argenbright Holdings II, LLC is Argenbright Holdings I, LLC. The members of Argenbright Holdings I, LLC are Frank A. Argenbright, Jr., Kathleen B. Argenbright, and the FAA, Jr. Family Trust. Frank A. Argenbright, Jr. and Kathleen B.

Argenbright are citizens of Georgia. Regarding the FAA, Jr. Family Trust, "the citizenship of a trust is the citizenship of its trustee." *Guar. Nat. Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 59 (7th Cir. 1996); *see also White Pearl Inversiones S.A. (Uruguay) v. Cemusa, Inc.*, 647 F.3d 684, 686 (7th Cir. 2011) ("Businesses organized as trusts don't have their own citizenship; they take the citizenship of the trustee (or citizenships, if there are multiple trustees)."). The trustee of the FAA, Jr. Family Trust is Kathleen B. Argenbright. Ms. Argenbright is a citizen of Georgia. Thus, Argenbright Holdings IV, LLC is a citizen of Georgia for diversity purposes ***both at the time of the commencement of the action and the time of this removal***.

17.     Based on the above, ERMC AVIATION LLC. is a citizen of Georgia and Delaware for diversity purposes. Accordingly, diversity exists under 28 U.S.C. § 1332. Defendants are more than happy to provide the Court with further proofs herein concerning the LLC members if found to be ultimately necessary beyond the averments herein and reserve the right to do so.

17.     Of course, the plaintiff's Summons alleges that Plaintiff is a natural person and a resident and citizen of the State of Florida with an address of 8451 Gate Parkway West, Apt. 447, Jacksonville, FL 32216 at ***both at the time of the commencement of the action and the time of this removal***. See Exhibit A.

18.     As indicated above, Defendants now believe in good-faith that the amount in controversy exceeds $75,000.00 exclusive of interest and costs based on plaintiff's counsel's representation.

## CONCLUSION

19.     Removal of this action to the United States District Court is proper under 28 U.S.C. §1441(a) because, upon bona fide good faith information from plaintiff's counsel, the amount in controversy exceeds $75,000, exclusive of interests and costs, and because there is complete diversity of citizenship between the

plaintiff and defendants.  The United States District Court would, therefore, have original jurisdiction over this matter under 28 U.S.C. §1332 had the action been brought in federal court originally.

20.	Written notice of the filing of this Notice of Removal has been given to all parties in accordance with 28 U.S.C. §1446(d), as evidenced in the annexed Certificate of Service.

21.	Simultaneously while filing this Notice with the Court and the assignment of a Civil Docket number, a copy of this Notice will be filed with the Supreme Court of the State of New York, County of Queens in accordance with 28 U.S.C. §1446(d) via New York State Courts Electronic Filing (NYSCEF).

22.	By filing this Notice of Removal, defendants do not waive any defenses, including, without limitation, lack of personal jurisdiction, improper venue or forum, failure to establish damages, all defenses specified in Federal Rules of Civil Procedure 12, or any other defenses.

**WHEREFORE,** the Defendants give notice that the above-referenced action, pending against it in the Supreme Court of the State of New York, County of New York, has been removed to this Court.

Dated: Purchase, New York
June 15, 2022

**MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN**

Ephraim J. Fink, Esq. (EF5613)
***Attorneys for Defendants Daniela Peralta and ERMC Aviation LLC***
287 Bowman Avenue, Suite 404
Purchase, New York 10577
Phone: (914) 8=977-7300
Direct Dial: (914) 977-7306
Fax: (914) 977-7301
Our File No.: 41138.00114
E-mail: EJFink@MDWCG.com

LEGAL/146755668.v1

6

**TO:**   **MORGAN & MORGAN NY PLLC**
Daniel J. Watts, Esq. (dwatts@forthepeople.com)
*Attorneys for Plaintiff*
350 Fifth Avenue, Suite 6705
New York, New York 10118
Phone: (917) 344-7043
Fax: (917) 344-7068

# EXHIBIT A

FILED: QUEENS COUNTY CLERK 05/11/2022 07:23 PM
NYSCEF DOC. NO. 1

INDEX NO. 710221/2022
RECEIVED NYSCEF: 05/11/2022

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS                              **SUMMONS**

TALITA SANTOS,

           Plaintiff,

-against-

DANIELA PERALTA & ERMC AVIATION LLC,

           Defendants.

Index No.:
Date Purchased/Filed:

Plaintiff designates
**QUEENS**
County as the
place of trial.

**The basis of the venue is:**
Place of occurrence

**Plaintiff resides at:**
8451 Gate Pkwy W. Apt. 447
Jacksonville, FL 32216

To the above-named defendants,

     **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's attorney within 30 days after the service of this summons, exclusive of the day of service; and in case of your failure to appear or answer judgment will be taken against you by default for the relief demanded in the complaint.

Dated: New York, New York
     May 11, 2022

          **/s/ Daniel J. Watts**
          DANIEL J. WATTS, ESQ.
          MORGAN & MORGAN NY PLLC
          350 Fifth Avenue, Suite 6705,
          New York, NY 10118
          (917) 344-7041

**Defendants' addresses:**

DANIELA PERALTA
20615 86th Rd Apt. 1A
Queens Village, NY 11427

ERMC AVIATION LLC
80 State Street
Albany, NY 12207
*Via Secretary of State*

FILED: QUEENS COUNTY CLERK 05/11/2022 07:23 PM
NYSCEF DOC. NO. 1

INDEX NO. 710221/2022
RECEIVED NYSCEF: 05/11/2022

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

| | |
|---|---|
| TALITA SANTOS,<br><br>                        Plaintiff,<br><br>-against-<br><br>DANIELA PERALTA & ERMC AVIATION LLC,<br><br>                    Defendants. | Index No.:<br><br>**VERIFIED**<br>**COMPLAINT** |

      Plaintiff, by and through his attorneys, **Morgan and Morgan New York PLLC,**
complaining of the defendants herein, respectfully shows to the Court, and alleges as
follows upon information and belief:

## AS AND FOR A FIRST CAUSE OF ACTION

1.     That at all times hereinafter mentioned, plaintiff, TALITA SANTOS, was, and
still is, a resident of the County of Duval, State of Florida.

2.     That at all times hereinafter mentioned, defendant, DANIELA PERALTA, was, and
still is, a resident of the County of Queens, State of New York.

3.     That at all times herein mentioned, the defendant, ERMC AVIATION LLC, was and
still is a foreign limited liability corporation, duly organized under and existing by virtue of
the laws of the State of New York.

4.     That at all times herein mentioned, defendant, ERMC AVIATION LLC, was doing
business in the State of New York.

5.     That at all times hereinafter mentioned and on February 13, 2022, defendant,
DANIELA PERALTA, was the driver, as defined in the Vehicle and Traffic Law Sec.128,
of a certain motor vehicle known as a 2000 Gilli Bus bearing New York State plate number
B00363.

FILED: QUEENS COUNTY CLERK 05/11/2022 07:23 PM          INDEX NO. 710221/2022
NYSCEF DOC. NO. 1                                        RECEIVED NYSCEF: 05/11/2022

6.     That at all times hereinafter mentioned, and on and prior to February 13, 2022, the
defendant, DANIELA PERALTA, its agents, servants, employees and/or licensees,
maintained the motor vehicle bearing New York State plate number B00363.

7.     That at all times hereinafter mentioned, and on February 13, 2022, the defendant
DANIELA PERALTA was an employee of the defendant, ERMC AVIATION LLC.

8.     That at all times hereinafter mentioned, and on February 13, 2022, the defendant,
DANIELA PERALTA, operated and controlled the motor vehicle bearing New York license
plate number B00363.

9.     That at all times hereinafter mentioned, and on February 13, 2022, the defendant,
DANIELA PERALTA, operated and controlled the motor vehicle bearing New York license
plate number B00363 with the permission and consent of her employer, ERMC
AVIATION LLC.

10.    That at all times hereinafter mentioned, and on February 13, 2022, the defendant,
DANIELA PERALTA, operated and controlled the motor vehicle bearing New York license
plate number B00363 while acting within the scope of her employment with ERMC
AVIATION LLC.

11.    That at all times hereinafter mentioned and on February 13, 2022, the plaintiff,
TALITA SANTOS, was a pedestrian on the marked crosswalk with the traffic signal in her
favor upon the Terminal Two (2) entrance Roadway in the John F. Kennedy International
Airport, County of Queens, State of New York.

12.    That on February 13, 2022, at said location upon the Terminal Two (2) entrance
Roadway in the John F. Kennedy International Airport, County of Queens, State of New
York, defendant, DANIELA PERALTA, failed to observe plaintiff, TALITA SANTOS, a
pedestrian, when she should have.

FILED: QUEENS COUNTY CLERK 05/11/2022 07:23 PM    INDEX NO. 710221/2022
NYSCEF DOC. NO. 1                                   RECEIVED NYSCEF: 05/11/2022

13.    That on February 13, 2022, at said location upon the Terminal Two (2) entrance
Roadway in the John F. Kennedy International Airport, State of New York, the defendant's
aforesaid motor vehicle encountered and struck the plaintiff, TALITA SANTOS, a
pedestrian.

14.    That the aforesaid encounter and injuries resulting therefrom, were due solely and
wholly to the careless and negligent manner in which the defendant, DANIELA
PERALTA, operated and controlled their said motor vehicle without the plaintiff, TALITA
SANTOS, in any way contributing thereto.

15.    That by reason of the foregoing and the negligence of the said defendant,
DANIELA PERALTA, this plaintiff, TALITA SANTOS, sustained serious, severe and
permanent injuries necessity of future surgery all of which the plaintiff still suffers and will
continue to suffer for some time, great physical and mental pain and serious bodily injury;
became sick, sore, lame and disabled and so remained for a considerable length of time.

16.    That by the reason of the foregoing and the negligence of the said defendant,
DANIELA PERALTA, the plaintiff, TALITA SANTOS, was informed and verily believes
that her aforesaid injuries are permanent and that she will permanently suffer from the
effects of her aforesaid injuries and that she will be caused to suffer continuous pain and
inconvenience.

17.    That by reason of the foregoing, the plaintiff, TALITA SANTOS, was compelled
and did necessarily require medical aid and attention and did necessarily pay and become
liable therefore, for medicines and other related medical expenses and upon information
and belief, the plaintiff will necessarily incur similar expenses.

18.    That the plaintiff, TALITA SANTOS, sustained serious injuries as defined in the
Insurance Law of the State of New York and has sustained economic loss greater than
basic economic loss as defined in the Insurance Law of the State of New York.

FILED: QUEENS COUNTY CLERK 05/11/2022 07:23 PM INDEX NO. 710221/2022
NYSCEF DOC. NO. 1                                                    RECEIVED NYSCEF: 05/11/2022

19.     That this action falls within one of the exemptions listed in CPLR Section 1602.

## AS AND FOR A SECOND CAUSE OF ACTION

Plaintiff repeats, reiterates and realleges each allegation as contained in the above

paragraphs of the within Complaint, with the same force and effect, as though each were

fully set forth at length herein.

20.     That defendant ERMC AVIATION LLC, was negligent and careless in failing to

exercise reasonable care and diligence in the hiring, training, screening, and supervision

of its agents, servants, employees, and/or representatives.

21.     That at all times hereinafter mentioned, and on and prior to February 13, 2022, the

defendant, ERMC AVIATION LLC, knew or should have known defendant DANIELA

PERALTA was incompetent and untrained to operate the aforesaid vehicle bearing New

York license plate number B00363.

22.     That as a result of the negligence of defendant, ERMC AVIATION LLC, the

plaintiff sustained serious personal injuries as set forth above.

WHEREFORE plaintiff, TALITA SANTOS, demands judgment against each of the

defendants DANIELA PERALTA and ERMC AVIATION LLC, each in an amount to be

determined at the time of trial, together with the costs and disbursements of this action,

which exceeds the jurisdiction of the lower courts.

Dated: New York, New York
        May 11, 2022

                                            Respectfully Submitted,

                                            **/s/ Daniel J. Watts**
                                            DANIEL J. WATTS, ESQ.
                                            MORGAN & MORGAN NY PLLC
                                            350 Fifth Avenue, Suite 6705,
                                            New York, NY 10118
                                            (917) 344-7041

FILED: QUEENS COUNTY CLERK 05/11/2022 07:23 PM

NYSCEF DOC. NO. 1

INDEX NO. 710221/2022

RECEIVED NYSCEF: 05/11/2022

## ATTORNEY VERIFICATION

**DANIEL J. WATTS**, an attorney duly licensed to practice in the courts of the State of New York, hereby affirms the following under penalties of perjury:

That I am associated with the law firm of **MORGAN & MORGAN NY, PLLC** attorneys for the plaintiff in the within action; that I have read the foregoing **SUMMONS AND VERIFIED COMPLAINT** and know the contents thereof; and that the same is true to my own knowledge, except as to the matters therein alleged to be on information and belief, and as to those matters, I believe them to be true. The reason this Verification is made by me and not by the plaintiff is that said claimants resides outside of the County in which the Affirmant's office is located.

The grounds of my belief as to all matters stated upon my own knowledge are as follows: the records, reports, contracts, and/or documents contained in the plaintiff's file.

**/s/ Daniel J. Watts**
DANIEL J. WATTS, ESQ.
MORGAN & MORGAN

Affirmed:  May 11, 2022
New York, NY

# EXHIBIT B

NYSCEF DOC. NO. 4                                                                        RECEIVED NYSCEF: 06/02/2022

ATTORNEY(S) : Morgan & Morgan NY PLLC
INDEX # : 710221/2022
PURCHASED/FILED :
STATE OF : NEW YORK
COURT : Supreme
COUNTY/DISTRICT : Queens



P6718606

## AFFIDAVIT OF SERVICE - SECRETARY OF STATE

Talita Santos

Plaintiff(s)

against

Daniela Peralta, et ano

Defendant(s)

| STATE OF NEW YORK ) | **DESCRIPTION OF PERSON SERVED:** | Approx. Age: 60 yrs |
| COUNTY OF ALBANY )SS | | |
| CITY OF ALBANY ) | Weight: 120 lbs Height: 5' 1" Sex: Female Color of skin: White | |
| | Hair color: Brown Other: | |

_____ _____ **Robert Guyette** , being duly sworn, deposes and says: deponent is over
the age of eighteen (18) years; is not a party to this action, and resides in the State of NY, and that on
**May 20, 2022** , at **12:55 PM** , at the office of the Secretary of State of the State of NY,
located at 99 Washington Ave, 6th Fl, Albany, New York 12231 deponent served:
**Summons & Verified Complaint, Attorney Verification**

on

**ERMC Aviation LLC**

the Defendant in this action, by delivering to and leaving with **Nancy Dougherty**

AUTHORIZED AGENT in the Office of the Secretary of State, of the State of New York, personally at the

Office of the Secretary of State of the State of New York, two (2) true copies thereof and that at the time of

making such service, deponent paid said Secretary of State a fee of **$40** dollars; That said service

was made pursuant to Section **LIMITED LIABILITY COMPANY LAW §303.**

Deponent further says that deponent knew the person so served as aforesaid to be the agent in the Office

of the Secretary of State of the State of New York, duly authorized to accept such service on behalf of said

defendant.

Sworn to before me on this

20th  day of        May 2022

FAITH O'DEA
NOTARY PUBLIC, State of New York
No. 01CO6158874, Albany County
Commission Expires Jan 8, 2023

Robert Guyette

Invoice·Work Order # 2217459
Attorney File # 6718696

1 of 1

FILED: QUEENS COUNTY CLERK 06/02/2022 10:38 AM          INDEX NO. 710221/2022
NYSCEF DOC. NO. 3                                                    RECEIVED NYSCEF: 06/02/2022

Form 1 - AFFIDAVIT OF SERVICE



P6718688

**MORGAN & MORGAN, P.A**   Leyry Romano x28432
SUPREME COURT QUEENS COUNTY STATE OF NEW YORK

| | | |
|---|---|---|
| TALITA SANTOS | | index No. **710221/2022** |
| | PLAINTIFF | Date Filed |
| - vs - | | Office No. |
| DANIELA PERALTA, ETAL | | Court Date. |
| | DEFENDANT | |

STATE OF **NEW YORK**, COUNTY OF **NASSAU** :SS:

**CALVIN CHEN** being duly sworn, deposes and says; I am over 18 years of age, not a party to this
action, and reside in the State of New York.
That on the **21ST** day of **MAY, 2022  2:57PM** at
 **20615 86TH ROAD**
 **APT. 1A**
 **QUEENS VILLAGE NY 11427**
I served the **ATTORNEY'S VERIFICATION, SUMMONS AND VERIFIED COMPLAINT**
upon **DANIELA PERALTA**
**the DEFENDANT** therein named by delivering and leaving a true copy or copies of the
aforementioned documents with **DANIELA PERALTA**
said **DEFENDANT** personally.

Deponent describes the person served as aforesaid to the best of deponent's ability at the time
and circumstances of the service as follows:

SEX: **FEMALE** COLOR: **BROWN**  HAIR: **BLACK**

APP.AGE: **47** APP. HT: **5''3** APP. WT: **135**

OTHER IDENTIFYING FEATURES

That at the time of service, as aforesaid, I asked the **DEFENDANT** whether he/she was in the
military service of the United States Government, or of the State of New York, and received a
negative reply. Recipient wore ordinary civilian clothes and no military uniform. Upon
information and belief based upon the conversation and observation as aforesaid I aver that the
**DEFENDANT** is not in the military service, and is not dependent on anyone in the military
service of the United States Government or the State of New York, as that term is defined in
statutes of the State of New York, or of the Federal Soldiers and Sailors Civilian Relief Act.

Sworn to before me this
24TH day of MAY, 2022

<br>

JEFFREY RUBELL
Notary Public, State of New York
No. 01RU6216027
Qualified in NASSAU COUNTY
Commission Expires 01/11/2026

CALVIN CHEN 1416403
Lexitas
1235 BROADWAY 2ND FLOOR
NEW YORK, NY 10001
Reference No: 3-MMPA-6718688

**2a**

Case 1:22-cv-03518-BMC   Document 1   Filed 06/15/22   Page 18 of 42 PageID #: 18

=======================================================================

Index No. 710221/2022

SUPREME COURT QUEENS COUNTY STATE OF NEW YORK

=======================================================================

TALITA SANTOS

                    PLAINTIFF

          - against -
DANIELA PERALTA, ETAL

                    DEFENDANT
=======================================================================

ATTORNEY'S VERIFICATION, SUMMONS AND VERIFIED COMPLAINT

=======================================================================

MORGAN & MORGAN, P.A

350 5TH AVENUE, SUITE 6705

NEW YORK, NY 10118

212 564-4568

# EXHIBIT C

FILED: QUEENS COUNTY CLERK 06/10/2022 01:27 PM          INDEX NO. 710221/2022
NYSCEF DOC. NO. 5                                        RECEIVED NYSCEF: 06/10/2022

SUPREME COURT IF THE STATE OF NEW YORK
COUNTY OF QUEENS
-----------------------------------------------------------------X   Index No.: 710221/2022
TALITA SANTOS,

                                        Plaintiffs,

                                                        **VERIFIED ANSWER**

               -against-

DANIELA PERLATA & ERMC AVIATION LLC,

                                        Defendant.
-----------------------------------------------------------------X

        Defendants, **DANIELA PERLATA & ERMC AVIATION LLC**, by their attorneys,

**MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN**, as and for their Verified Answer to

plaintiff's Verified Complaint alleges as follows:

        1.   Deny knowledge or information sufficient to form a belief as to the allegations contained in

paragraphs "1", "2" and "11", of the plaintiff's Verified Complaint, and respectfully refer all questions of

law to the Court.

        2.   Deny in the form alleged the allegations contained in paragraphs "3", "4", "5", "6", "7", "8",

"9", and "10", of the plaintiff's Verified Complaint, and respectfully refer all questions of law to the

Court.

        3.   Deny each and every allegation contained in paragraphs "12", "13", "15", "16", and "17", of

the plaintiff's Verified Complaint.

        4.   Deny each and every allegation contained in paragraphs "14", "18", and "19", of the plaintiff's

Verified Complaint, and respectfully refer all question of law to the Court.

LEGAL/146625891.v1

## AS AND FOR AN ANSWER TO THE SECOND CAUSE OF ACTION

5. *Defendants repeat and reallege each and every denial set forth in paragraphs "1" through "19"* of plaintiff's Verified Complaint with the same force and effect as if fully set forth at length herein in response to unnumbered paragraph below the heading AS AND FOR A SECOND CAUSE OF ACTION.

6. Deny each and every allegation contained in paragraphs "20", "21", and "22", of the plaintiff's Verified Complaint.

## AS AND FOR A FIRST, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, THESE ANSWERING DEFENDANTS ALLEGE AS FOLLOWS:

7. That one or more of the causes of action set forth in plaintiff's Verified Complaint fail to set forth a claim upon which relief can be granted as the answering defendants were not contractually obligated to plaintiff as such duty is defined by the law of the State of New York under the *Espinal* doctrine.

## AS AND FOR A SECOND, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, THESE ANSWERING DEFENDANTS ALLEGE AS FOLLOWS:

8. Plaintiff failed to mitigate and/or reduce their damages and loss, if any, as alleged in the Verified Complaint.

## AS AND FOR A THIRD, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, THESE ANSWERING DEFENDANTS ALLEGE AS FOLLOWS:

9. These answering Defendants claim the benefits and applicability of the provisions contained within Article 14 of the CPLR.

2

Case 1:22-cv-03518-BMC   Document 1   Filed 06/15/22   Page 22 of 42 PageID #: 22

**AS AND FOR A FOURTH, SEPARATE AND
DISTINCT AFFIRMATIVE DEFENSE, THESE
ANSWERING DEFENDANTS ALLEGE AS FOLLOWS:**

10.   That any liability to the plaintiff is limited by the provisions of Article 16 of the CPLR.

**AS AND FOR A FIFTH, SEPARATE AND
DISTINCT AFFIRMATIVE DEFENSE, THESE
ANSWERING DEFENDANTS ALLEGE AS FOLLOWS:**

11.   In the event plaintiff recovers a verdict or judgment against these defendants, then said verdict or judgment must be reduced pursuant to CPLR §4545(c) by those amounts which have been or will, with reasonable certainty, replace or indemnify plaintiff in whole or in part, for any past future claimed economic loss, from any collateral source such as insurance, social security, Workers' Compensation or employee benefit programs.

**AS AND FOR A SIXTH, SEPARATE AND
DISTINCT AFFIRMATIVE DEFENSE, THESE
ANSWERING DEFENDANTS ALLEGE AS FOLLOWS:**

12.   Pursuant to Section §15-108 of the General Obligations Law, to the extent plaintiff has given a release or covenant not to sue or not to enforce a judgment, defendants are relieved from any liability to any other defendants, person or entity for contribution and any recovery by plaintiff should be diminished accordingly.

**AS AND FOR A SEVENTH, SEPARATE AND
DISTINCT AFFIRMATIVE DEFENSE, THESE
ANSWERING DEFENDANTS ALLEGE AS FOLLOWS:**

13.   Plaintiff's Verified Complaint must be dismissed as it fails to comply with CPLR 3017 (c).

3

FILED: QUEENS COUNTY CLERK 06/10/2022 01:27 PM

INDEX NO. 710221/2022

NYSCEF DOC. NO. 5

RECEIVED NYSCEF: 06/10/2022

### AS AND FOR AN EIGHTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, THESE ANSWERING DEFENDANTS ALLEGE AS FOLLOWS:

14. One or more of plaintiff's causes of action fail to state a cause of action upon which relief can be granted and, therefore, must be dismissed.

### AS AND FOR A NINTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, THESE ANSWERING DEFENDANTS ALLEGE AS FOLLOWS:

15. That the damages allegedly suffered by the injured plaintiff was caused in whole or in part by the culpable conduct of the injured plaintiff if any. The plaintiff's claims are therefore barred or diminished in the proportion that such culpable conduct of the injured plaintiff bears to the total culpable conduct causing the damages.

### AS AND FOR A TENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, THESE ANSWERING DEFENDANTS ALLEGE AS FOLLOWS:

16. Defendants acted appropriately in light of the emergency situation presented to its employees immediately before and at the time of the occurrence alleged in the Verified Complaint.

### AS AND FOR AN ELEVENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, THESE ANSWERING DEFENDANTS ALLEGE AS FOLLOWS:

17. The negligent acts set forth in plaintiff's Verified Complaint were committed by third parties over which these answering defendants had no control or right of control.

4

LEGAL/146625891.v1

### AS AND FOR A TWELFTH, SEPARATE AND
### DISTINCT AFFIRMATIVE DEFENSE, THESE
### ANSWERING DEFENDANTS ALLEGE AS FOLLOWS:

18. The plaintiff, if she may have sustained any injuries at the time and place, and upon the

occasion mentioned in the Verified Complaint, assumed the risk of sustaining same under the conditions

and circumstances then existing and obvious.

### AS AND FOR A THIRTEENTH, SEPARATE AND
### DISTINCT AFFIRMATIVE DEFENSE, THESE
### ANSWERING DEFENDANTS ALLEGE AS FOLLOWS:

19. That the damages allegedly suffered by the plaintiff was caused in whole or in part by the

culpable conduct of the plaintiff herself. The plaintiff's claim is therefore barred or diminished in the

proportion that such culpable conduct of the injured plaintiff bears to the total culpable conduct causing

the damages.

### AS AND FOR A FOURTEENTH, SEPARATE AND
### DISTINCT AFFIRMATIVE DEFENSE, THESE
### ANSWERING DEFENDANTS ALLEGE AS FOLLOWS:

20. That the plaintiff intentionally, negligently and recklessly caused the accident by his failure to

exercise due care and caution under the circumstances.

### AS AND FOR A FIFTEENTH, SEPARATE AND
### DISTINCT AFFIRMATIVE DEFENSE, THESE
### ANSWERING DEFENDANTS ALLEGE AS FOLLOWS:

21. That plaintiff created the unsafe condition of the location of the Motor Vehicle Accident.

### AS AND FOR A SIXTEENTH, SEPARATE AND
### DISTINCT AFFIRMATIVE DEFENSE, THESE
### ANSWERING DEFENDANTS ALLEGE AS FOLLOWS:

22. Plaintiff's actions were the sole cause of the incident as alleged by plaintiff in her Verified

Complaint.

5

LEGAL/146625891.v1

## AS AND FOR A SEVENTEENTH, SEPARATE AND
## DISTINCT AFFIRMATIVE DEFENSE, THESE
## ANSWERING DEFENDANTS ALLEGE AS FOLLOWS:

23.  Failure of the plaintiff to comply with the provisions of the Vehicle and Traffic Law of the

State of New York, pertaining to pedestrian traffic.

## AS AND FOR AN EIGHTEENTH, SEPARATE AND
## DISTINCT AFFIRMATIVE DEFENSE, THESE
## ANSWERING DEFENDANTS ALLEGE AS FOLLOWS:

24.  Failure of the plaintiff to comply with the signage and lights on the area of the event.

## AS AND FOR A NINETEENTH, SEPARATE AND
## DISTINCT AFFIRMATIVE DEFENSE, THESE
## ANSWERING DEFENDANTS ALLEGE AS FOLLOWS:

25.  Plaintiff did not sustain a "serious injury" sufficient to satisfy the no-fault threshold as

prescribed by the Insurance Law of the State of New York. Plaintiff's claims are barred and precluded by

Article 51, Sections 5101, 5102, 5103 and 5104 of the New York State Insurance Law.

**WHEREFORE**, defendants demand judgment dismissing plaintiff's verified complaint against

them, together with the costs and disbursements of this action, and for any expenses incurred by them in

the defense thereof, including attorneys' fees actually expended.

Dated: Purchase, New York
       June 10, 2022

                                        **MARSHALL DENNEHEY WARNER**
                                        *COLEMAN & GOGGIN*


                                        _____
                                        Harold L. Moroknek, Esq.
                                        *Attorneys for Defendants*
                                        287 Bowman Avenue, Suite 404
                                        Purchase, NY 10577
                                        (914) 977-7316

                                        6

LEGAL/146625891.v1

FILED: QUEENS COUNTY CLERK 06/10/2022 01:27 PM                    INDEX NO. 710221/2022

NYSCEF DOC. NO. 5                                          RECEIVED NYSCEF: 06/10/2022

TO:   **DANIEL J. WATTS, ESQ.**
      *Daniel J. Watts, Esq.*
      *Attorney for Plaintiff*
      350 Fifth Avenue, Suite 6705
      New York, NY  10118
      (917) 344-7041

7

Case 1:22-cv-03518-BMC   Document 1   Filed 06/15/22   Page 27 of 42 PageID #: 27

## ATTORNEY'S VERIFICATION

**HAROLD L. MOROKNEK,** affirms under the penalties of perjury that he is a shareholder of the firm of **MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN,** attorneys for defendants in the captioned action; that he has read the foregoing **VERIFIED ANSWER** and knows the contents thereof; that the same is true to his own knowledge, except as to the matters therein stated to be alleged on information and belief, and that as to those matters he believes it to be true.

The reason this verification is made by your affirmant and not by the defendants herein is that the defendants are not in the County of Westchester where the undersigned has his office.

The sources of your affirmant's information and belief are from conversations had with the defendants herein and from the documents contained in the affirmant's file.

Dated: Purchase, New York
June 10, 2022

**HAROLD L. MOROKNEK**

LEGAL/146625891.v1

# EXHIBIT D

**Fink, Ephraim J.**

| | |
|---|---|
| **From:** | Daniel Watts x28433 <dwatts@forthepeople.com> |
| **Sent:** | Tuesday, June 14, 2022 2:42 PM |
| **To:** | Fink, Ephraim J. |
| **Cc:** | Johnson, Courtney C. |
| **Subject:** | Re: TALITA SANTOS V. Daniela Peralta and ERMC Aviation, LLC (Queens County Index No.: 710221/2022)(Our File Matter No.: 41138.00114) |

**WARNING: This email originated outside MDWCG**
Sorry I missed your call

Yes case is worth over 75k. She's still treating.

Get Outlook for iOS

**Daniel Watts**
Attorney

**P:** (917) 344-7043
**F:** (917) 344-7068
**A:** 350 Fifth Avenue, Suite 6705, New York, NY 10118

**MORGAN & MORGAN**
FOR THE **PEOPLE**.COM

PRACTICE AREAS | LOCATIONS | ATTORNEYS | VERDICT MAGAZINE

*A referral is the best compliment. If you know anyone that needs our help, please have them call our office 24/7.*

**From:** Fink, Ephraim J. <EJFink@MDWCG.com>
**Sent:** Tuesday, June 14, 2022 2:37:10 PM
**To:** Daniel Watts x28433 <dwatts@forthepeople.com>
**Cc:** Johnson, Courtney C. <CCJohnson@MDWCG.com>
**Subject:** *EXT* RE: TALITA SANTOS V. Daniela Peralta and ERMC Aviation, LLC (Queens County Index No.: 710221/2022)(Our File Matter No.: 41138.00114)

**CAUTION: Use caution when clicking on links or opening attachments in this external email.**

Daniel,
    See below.  Can we hear from you on this?  What are your client's injuries?  I am assuming you will claim they exceed the $75,000 jurisdictional amount
in controversy for purposes of diversity jurisdiction removal.  The clock does not start ticking for the removal until you respond.
Best,
E.J.

1

**Ephraim J. Fink**
*Attorney at Law*
287 Bowman Ave., Suite 404, Purchase, NY 10577
Direct: (914) 977-7306 | Main: (914) 977-7300 | Fax: (914) 077-7301
bio | e-mail | website



This e-mail transmission and any documents, files or previous e-mail messages attached to it, are confidential and are protected by the attorney-client privilege and/or work product doctrine. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any review, disclosure, copying, dissemination, distribution or use of any of the information contained in, or attached to this e-mail transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify me by forwarding this e-mail to EJFink@MDWCG.com, or by telephone at (914) 977-7306 and then delete the message and its attachments from your computer.

**From:** Moroknek, Harold L. <HLMoroknek@MDWCG.com>
**Sent:** Thursday, June 9, 2022 11:30 AM
**To:** dwatts@forthepeople.com
**Cc:** Fink, Ephraim J. <EJFink@MDWCG.com>; Sabini, Sheila M. <SMSabini@MDWCG.com>
**Subject:** TALITA SANTOS

Good morning sir.

Harold L. Moroknek here counsel for the defendants in the above captioned matter.

I wanted to reach out in an effort to determine the details of the case including specifics relative to the plaintiffs claimed damages in this case.

That is to say, are the plaintiffs' claims valued to be in excess of $75,000?

In any case, can you kindly advise as to what the plaintiff's damages are so as to provide us with a basis to determine if the case in controversy prong of the test has been satisfied for FEDERAL COURT removal. As you know,

The case seems to have diversity for removal purposes.

I appreciate your kind attention to this matter.

Very best

HLM

**Harold L. Moroknek**
*Managing Attorney, Westchester, NY Office*
*Co-Chair, Trucking & Transportation Practice Group*
287 Bowman Ave., Suite 404, Purchase, NY 10577
Direct: (914) 977-7316 | Main: (914) 977-7300 | Fax: (914) 977-7301
bio | e-mail | website



This e-mail transmission and any documents, files or previous e-mail messages attached to it, are confidential and are protected by the attorney-client privilege and/or work product doctrine. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that

any review, disclosure, copying, dissemination, distribution or use of any of the information contained in, or attached to this e-mail transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify me by forwarding this e-mail to HLMoroknek@MDWCG.com, or by telephone at (914) 977-7316 and then delete the message and its attachments from your computer.

CONFIDENTIALITY NOTICE: This e-mail message including attachments, if any, is intended for the person or entity to which it is addressed and may contain confidential and/or privileged material. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. Thank you.

# EXHIBIT E

# Delaware

Page 1

## The First State

I, JEFFREY W. BULLOCK, SECRETARY OF STATE OF THE STATE OF DELAWARE, DO HEREBY CERTIFY THE ATTACHED ARE TRUE AND CORRECT COPIES OF ALL DOCUMENTS ON FILE OF "ERMC AVIATION LLC" AS RECEIVED AND FILED IN THIS OFFICE.

THE FOLLOWING DOCUMENTS HAVE BEEN CERTIFIED:

CERTIFICATE OF FORMATION, FILED THE TWENTY-FOURTH DAY OF OCTOBER, A.D. 2017, AT 3:36 O`CLOCK P.M.

CERTIFICATE OF MERGER, FILED THE THIRTY-FIRST DAY OF OCTOBER, A.D. 2019, AT 12:54 O`CLOCK P.M.

AND I DO HEREBY FURTHER CERTIFY THAT THE EFFECTIVE DATE OF THE AFORESAID CERTIFICATE OF MERGER IS THE THIRTY-FIRST DAY OF OCTOBER, A.D. 2019 AT 11:51 O'CLOCK P.M.

CERTIFICATE OF CHANGE OF REGISTERED AGENT, FILED THE SEVENTH DAY OF JANUARY, A.D. 2021, AT 3:38 O`CLOCK P.M.

AND I DO HEREBY FURTHER CERTIFY THAT THE AFORESAID CERTIFICATES ARE THE ONLY CERTIFICATES ON RECORD OF THE AFORESAID LIMITED LIABILITY COMPANY, "ERMC AVIATION LLC".

Jeffrey W. Bullock, Secretary of State

6581261  8100H
SR# 20221283680

Authentication: 203082502
Date: 04-04-22

You may verify this certificate online at corp.delaware.gov/authver.shtml



Page 2

The First State



6581261  8100H
SR# 20221283680

Authentication: 203082502
Date: 04-04-22

## CERTIFICATE OF FORMATION
## OF
## ERMC AVIATION LLC

This Certificate of Formation of ERMC Aviation LLC is executed by the undersigned Authorized Person for the purpose of forming a limited liability company pursuant to the provisions of Section 18-201 and Section 18-204 of the Delaware Limited Liability Company Act.

1. The name of the limited liability company is:

ERMC Aviation LLC

2. The address of its registered office in the State of Delaware is 1209 Orange Street, New Castle County, Wilmington, Delaware 19801, and its registered agent for service of process at such address is The Corporation Trust Company.

3. This document shall become effective when the document is filed by the Secretary of State.

**IN WITNESS WHEREOF,** the undersigned has duly executed this Certificate of Formation on this 24th day of October, 2017.

By: _____

Henry Cleland
Authorized Person

State of Delaware
Secretary of State
Division of Corporations
Delivered  03:36 PM 10/24/2017
FILED  03:36 PM 10/24/2017
SR 20176764285 - File Number  6590647

DMSLIBRARY01-19915395.1

State of Delaware
Secretary of State
Division of Corporations
Delivered 12:54 PM 10/31/2019
FILED 12:54 PM 10/31/2019
SR 20197840136 - File Number 6581261

CERTIFICATE OF MERGER

OF

GATEWAY AVIATION SERVICES LLC
(a Delaware limited liability company)

WITH AND INTO

ERMC AVIATION LLC
(a Delaware limited liability company)


Pursuant to Section 18-209 of the Delaware Limited Liability Company Act (the "DLLCA"), the undersigned limited liability company, organized and existing under and by virtue of the DLLCA, does hereby certify:

FIRST:    That the parties to the merger (the "Constituent Companies") are Gateway Aviation Services LLC, a limited liability company organized and existing under the laws of the State of Delaware, and ERMC Aviation LLC, a limited liability company organized and existing under the laws of the State of Delaware.

SECOND:    That the Plan and Agreement of Merger, dated as of October 31, 2019 (the "Merger Agreement"), by and among the Constituent Companies constitutes a plan of merger within the meaning of Section 18-209 of the DLLCA.

THIRD:    That the Plan and Agreement of Merger has been approved and executed by each of the Constituent Companies in accordance with the requirements of subsection (b) of Section 18-209 of the DLLCA.

FOURTH:    That the surviving limited liability company is ERMC Aviation LLC (the "Surviving Company"), a Delaware limited liability company.

FIFTH:    That (i) the Certificate of Formation of the Surviving Company shall be the Certificate of Formation of the merged company and shall not be amended or restated in connection with or as a result of the merger and (ii) the name of the Surviving Company shall continue to be "ERMC Aviation LLC".

SIXTH:    That this Certificate of Merger shall become effective at 11:51 p.m. on October 31, 2019 (the "Effective Time").

SEVENTH:    That the executed Agreement is on file at the principal place of business of the Surviving Company at 3390 Peachtree Road, NE, Atlanta, Georgia 30326.

EIGHTH:    That a copy of the executed Agreement will be furnished by the Surviving Company on request, without cost, to any member of the Constituent Companies.

42625127.3

IN WITNESS WHEREOF, ERMC Aviation LLC has caused this Certificate of Merger to be signed by its authorized officer on the <u>31st</u> day of <u>October</u>, 2019.

ERMC Aviation LLC
(a Delaware limited liability company)

By: _____

Name: *Frank A. Argenbright Jr.*
Title: *Executive Chairman*

Certificate of Merger

# STATE OF DELAWARE
# CERTIFICATE OF AMENDMENT CHANGING ONLY THE REGISTERED OFFICE OR REGISTERED AGENT OF A LIMITED LIABILITY COMPANY

The limited liability company organized and existing under the Limited Liability Company Act of the State of Delaware, hereby certifies as follows:

1.     The name of the limited liability company is_____
ERMC AVIATION LLC                                                                                         .

2.     The Registered Office of the limited liability company in the State of Delaware is changed to 251 Little Falls Drive

_____(street), in the City of Wilmington_____,
Zip Code 19808_____.  The name of the Registered Agent at such address upon whom process against this limited liability company may be served is _____
Corporation Service Company                                                                             .

By: /S/ Scott Strobridge
_____
Authorized Person

Name: Scott Strobridge
_____
Print or Type

State of Delaware
Secretary of State
Division of Corporations
Delivered   03:38 PM 01/07/2021
FILED   03:38 PM 01/07/2021
SR 20210052191  - File Number  6581261

# EXHIBIT F

# Delaware

Page 1

### The First State

I, JEFFREY W. BULLOCK, SECRETARY OF STATE OF THE STATE OF DELAWARE, DO HEREBY CERTIFY THE ATTACHED ARE TRUE AND CORRECT COPIES OF ALL DOCUMENTS ON FILE OF "AIRCO AVIATION SERVICES, LLC" AS RECEIVED AND FILED IN THIS OFFICE.

THE FOLLOWING DOCUMENTS HAVE BEEN CERTIFIED:

CERTIFICATE OF FORMATION, FILED THE THIRTEENTH DAY OF NOVEMBER, A.D. 2018, AT 7:10 O`CLOCK P.M.

AND I DO HEREBY FURTHER CERTIFY THAT THE AFORESAID CERTIFICATES ARE THE ONLY CERTIFICATES ON RECORD OF THE AFORESAID LIMITED LIABILITY COMPANY, "AIRCO AVIATION SERVICES, LLC".

Jeffrey W. Bullock, Secretary of State

7135122  8100H
SR# 20195498780

Authentication: 203046118
Date: 06-18-19

You may verify this certificate online at corp.delaware.gov/authver.shtml

State of Delaware
Secretary of State
Division of Corporations
Delivered 07:10 PM 11/13/2018
FILED 07:10 PM 11/13/2018
SR 20187620155 - File Number 7146850

# STATE OF DELAWARE
# CERTIFICATE OF FORMATION
# OF LIMITED LIABILITY COMPANY

The undersigned authorized person, desiring to form a limited liability company pursuant to the Limited Liability Company Act of the State of Delaware, hereby certifies as follows:

1.   The name of the limited liability company is ___AirCo Aviation Services, LLC___

.

2.   The Registered Office of the limited liability company in the State of Delaware is located at ___Corporation Trust Center, 1209 Orange Street___ (street), in the City of ___Wilmington___, Zip Code ___19801___. The name of the Registered Agent at such address upon whom process against this limited liability company may be served is___ The Corporation Trust Company

.

By: _____
Authorized Person

Name: ___Autumn Summers___
Print or Type

CIVIL DOCKET NO.: TBD

UNITED STATES DISTRICT COURT EASTERN DISTRICT OF NEW YORK

TALITA SANTOS,

Plaintiffs,

-against-

DANIELA PERALTA & ERMC AVIATION LLC,

Defendants.

## NOTICE OF REMOVAL

### MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN
*ATTORNEYS FOR DEFENDANTS*
287 BOWMAN AVENUE, SUITE 404
PURCHASE, NEW YORK 10577
(914) 977-7300

PURSUANT TO 22 NYCRR 130-1.1, THE UNDERSIGNED, AN ATTORNEY ADMITTED TO PRACTICE IN THE COURTS OF NEW YORK STATE, CERTIFIES THAT, UPON INFORMATION AND BELIEF AND REASONABLE INQUIRY, THE CONTENTIONS CONTAINED IN THE ANNEXED DOCUMENT ARE NOT FRIVOLOUS.

DATED:                                        SIGNATURE _____
                                              PRINT SIGNER'S NAME:

SERVICE OF A COPY OF THE WITHIN               IS HEREBY ADMITTED.
DATE:

                                              _____
                                              ATTORNEY(S) FOR